# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ISG TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-03345-SRB |
| ) | |
| SECURE DATA TECHNOLOGIES, INC. ) | |
| ) | |
| and ) | |
| ) | |
| GLENN RINKS JR. ) | |
| ) | |
| and ) | |
| ) | |
| DANIEL STRICKLAND, ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

This cause comes before the Court on Plaintiff ISG Technology, Inc.'s ("ISG") Motion for Temporary Restraining Order (Doc. #3), against its former employees, Glenn Rinks Jr. ("Rinks") and Daniel Strickland ("Strickland"), and their current employer and ISG's competitor, Defendant Secure Data Technologies, Inc. ("Secure Data"). Through counsel, the parties have informed the Court that they have agreed to the following Temporary Restraining Order, to be in effect for the next 14 days, during which time the parties will continue their efforts to reach a final resolution of this matter.

Therefore, based upon the agreement of the Parties, it is, therefore, ORDERED, ADJUDGED, and DECREED that Defendant Glenn Rinks Jr. is hereby restrained and enjoined from engaging in any of the following activities, directly or indirectly, whether alone or in concert with others:

1

A. Soliciting, inducing, or attempting to induce, any individual or entity that was a customer of ISG during Rinks' employment with ISG to (a) cease doing business in whole or in part with or through ISG. If Rinks is contacted by any ISG customer with whom Rinks had any dealings or contact while Rinks was an ISG employee, Rinks shall refuse to communicate with that customer and will not refer that customer to any one at Secure Data.

B. Directly or indirectly, soliciting, inducing, enticing, hiring or attempting to hire for himself or for any other person or entity, any other ISG employee.

C. Divulging any of ISG's confidential business information, including but not limited to, customer lists, customer contact information, customer spending information, product sales information, pricing strategies, service schedules, hourly rates, and markups, directly, or indirectly, intentionally or negligently, to any third party, or any other entity for any reason or purpose, or making use of such confidential information for his own use or purpose.

FURTHERMORE, Defendant Rinks shall immediately turn over to ISG any and all business or customer information that Rinks may have in his possession, and, within 5 business days of this Order, make Rinks' personal computer and other electronic devices available to ISG's computer forensics expert, Mr. John Mallery, for his mirror imaging, review, and inspection and meeting and cooperating with Mr. John Mallery, in the Kansas City area, to ensure the deletion of all ISG business and customer information from such devices. The Parties will work on an agreeable plan to ensure that Rinks' personal information and files on his personal devices are kept private and not shared with any other Party.

It is, therefore, further ORDERED, ADJUDGED, and DECREED that Defendant Daniel Strickland is hereby restrained and enjoined from engaging in any of the following activities, directly or indirectly, whether alone or in concert with others:

A. Soliciting, inducing, or attempting to induce, any individual or entity that was a customer of ISG during Strickland's employment with ISG to cease doing business in whole or in part with or through ISG. If Strickland is contacted by any ISG customer with whom Strickland had any dealings or contact while Strickland was an ISG employee, Strickland shall refuse to communicate with that customer and will not refer that customer to any one at Secure Data.

    B.     Directly or indirectly, soliciting, inducing, enticing, hiring or attempting to hire for himself or for any other person or entity, any other ISG employee.

    C.     Divulging any of ISG's confidential business information, including but not limited to, customer lists, customer contact information, customer spending information, product sales information, pricing strategies, service schedules, hourly rates, and markups, directly, or indirectly, intentionally or negligently, to any third party, or any other entity for any reason or purpose, or making use of such confidential information for his own use or purpose.

FURTHERMORE, Defendant Strickland shall immediately turn over to ISG any and all business or customer information that Strickland may have in his possession, and, within 5 business days of this Order, make Strickland's personal computer and other electronic devices available to ISG's computer forensics expert, Mr. John Mallery, for his mirror imaging, review, and inspection and meeting and cooperating with Mr. John Mallery, in the Kansas City area, to ensure the deletion of all ISG business and customer information from such devices. The Parties will work on an agreeable plan to ensure that Strickland's personal information and files on his personal devices are kept private and not shared with any other Party.

Defendant Secure Data represents to the Court that it has never received, used, or disclosed any confidential business or customer information of ISG that Rinks or Strickland may have in their possession, and Secure Data agrees that it will continue to not receive, use, or disclose any confidential business or customer information of ISG that Rinks or Strickland may have in their possession. Defendant Secure Data further acknowledges the Court's orders herein against Rinks and Strickland and will not cause or encourage Rinks or Strickland to violate those orders.

This Temporary Restraining Order shall remain in full force and effect for 14 days, unless before that time the Court, for good cause shown, extends it for a like period or the adverse party consents to a longer extension.

3

Plaintiff's Motion for Preliminary Injunction is set for an evidentiary hearing on November 24, 2020 at 9:30am CST in Courtroom 7B in Kansas City, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2020