IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ISG TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-03345-SRB |
| ) | |
| SECURE DATA TECHNOLOGIES, INC., ) | |
| GLENN RINKS JR., and ) | |
| DANIEL STRICKLAND, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff ISG Technology, Inc.'s ("ISG") Motion for Leave to Amend the Verified Complaint Adding Jesse Roche as an Additional Named Defendant. (Doc. #75.) On February 10, 2021, the Court held oral argument on the motion via teleconference. Counsel for all parties were present. For the reasons stated during that teleconference and discussed below, the motion is granted.

### I. BACKGROUND

This case arises from the alleged breach of a noncompete and nondisclosure employee agreement. ISG, an information technology ("IT") company, initially filed suit against two former employees, Defendants Glenn Rinks, Jr. ("Rinks") and Daniel Strickland ("Strickland"), as well as their new employer, Defendant Secure Data Technologies, Inc. ("Secure Data"), a competing IT company. ISG alleges that Rinks and Strickland, who previously worked at ISG's office located in Springfield, Missouri, are in violation of their noncompete and nondisclosure employee agreements. ISG further alleges that Secure Data, in an effort to establish its own Springfield-area office, knowingly and deliberately interfered with ISG's existing contractual and business relationships by recruiting and hiring Rinks and Strickland while they were still

ISG employees.  ISG also alleges that Rinks, prior to ceasing his employment with ISG, secretly plotted with Secure Data to misappropriate ISG's proprietary customer information and induce other ISG employees to leave their jobs and join Secure Data.

Based on newly-discovered evidence, ISG now seeks leave under Federal Rule of Civil Procedure 15(a) to file an amended complaint adding Jesse Roche ("Roche"), a former ISG employee, as a defendant pursuant to Rule 20.  Defendants oppose the motion, arguing ISG fails to satisfy the requirements of both Rule 15(a) and Rule 20(a).  The undersigned orally granted ISG's motion to amend following the parties' oral arguments on the matter, and hereby enters the following written Order.

## II. LEGAL STANDARD

When, as here, a party may not amend its pleading as a matter of right, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) further states that a court "should freely give leave when justice so requires."  "Leave to amend should be freely granted unless 'there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'"  *Henson v. Union Pac. R.R. Co.*, No. 19-00082-CV-W-GAF, 2019 WL 3082469, at *2 (W.D. Mo. July 15, 2019) (quoting *Popalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).  The burden of proof to show prejudice rests with the party opposing amendment.  *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

ISG seeks to join Roche pursuant to Rule 20.  The primary purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing

2

multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Under Rule 20(a)(2), a defendant may be joined if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B). "Courts strongly encourage joinder and favor 'the broadest possible scope of action consistent with fairness to the parties.'" *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2006 WL 1313367, at *4 (W.D. Mo. May 12, 2006) (quoting *Mosley*, 497 F.2d at 1333).

### III. DISCUSSION

The parties do not dispute that ISG's motion for leave to amend its complaint is timely under the operative Scheduling Order. ISG's proposed amended complaint asserts a breach of contract and unfair competition claim against Roche, seeks injunctive relief, and also asserts a tortious interference claim against Secure Data for its alleged recruitment of Roche despite his noncompetition employment agreement with ISG. ISG argues joinder "is appropriate as it will promote trial convenience, expedite final determination of disputes, and prevent duplicative proceedings." (Doc. #78, p. 5.) Defendants disagree, arguing ISG's proposed claims against Roche and Secure Data are not part of the "same transaction" as ISG's other claims against the current defendants. Defendants also contend ISG's proposed amendments are futile and unduly prejudicial, making denial proper under Rule 15(a).

#### A. Permissive Joinder Under Rule 20(a)(2)

Regarding the same transaction requirement of Rule 20(a)(2)(A), "[n]o hard and fast rules have been established" for determining whether a given factual situation is part of a single

3

transaction or occurrence.  *Reznik v. HMSHost Corp.*, No. 15-CV-648 CAS, 2016 WL 233242, at *2 (E.D. Mo. Jan. 20, 2016) (citing *Mosley*, 497 F.2d at 1333).  The Eighth Circuit construes the term "transaction" broadly, finding Rule 20 "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  *Mosley*, 497 F.2d at 1333; *see also In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622–23 (8th Cir. 2010) ("In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'").  Indeed, courts recognize that under Rule 20, the term "[t]ransaction . . . may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *Cont'l Rsch. Corp. v. Drummond Am. Corp.*, No. 07-CV-1155-CDP, 2007 WL 4287873, at *2 (E.D. Mo. Dec. 6, 2007) (citing *Mosely*, 497 F.2d at 1333).

ISG argues its proposed amended complaint largely asserts the same fact allegations and claims as those already raised against Defendants, and contends that its claims against Roche arise "out of the same common scheme—Secure Data's recruitment of ISG employees despite having knowledge that these employees are subject to ongoing restrictive covenants with ISG."  (Doc. #75, p. 4.)  Defendants insist Roche should not be joined because "the transactions and occurrences that serve as a basis for ISG's claims against Mr. Rinks, Mr. Strickland, and Secure Data are in no way connected to the transactions and occurrences that serve as the basis for ISG's new claims."  (Doc. #77, p. 4.)  In its reply, ISG argues the allegations against Roche and Secure Data (as it relates to Roche) clearly "involve the same set of operative facts, the same individuals, the same witnesses, the same general time period, the same scheme, the same claims, and the same defenses" as ISG's other claims against the existing defendants, and thus satisfy the liberal joinder standard of Rule 20.  (Doc. #78, p. 4.)

4

The Court finds ISG satisfies the joinder requirements of Rule 20. Based on the parties' arguments and a review of ISG's proposed amended complaint, there appears to be significant legal and factual overlap between the claims ISG asserts against Roche and Secure Data and the claims currently asserts against Defendants. For example, ISG alleges that the same Secure Data employee who recruited Rinks and Strickland to join Secure Data—Paul Scardina, Secure Data's Director of Sales—later recruited Roche despite his noncompetition agreement. ISG also alleges that Rinks, Strickland, and Roche each worked closely with ISG customers located in the greater Springfield region, the same geographic area where Secure Data allegedly attempted to gain a competitive foothold by recruiting ISG employees with close relationships to area customers. Further, ISG alleges Roche, who resigned from ISG in late December 2020, previously worked with at least five of the ISG customers that Rinks, Strickland, and Secure Data allegedly targeted and/or solicited using ISG's proprietary customer information. While Defendants emphasize the facts and circumstances of ISG's individual claims against Rinks, Strickland, and Roche all vary, "[a]bsolute identity of all events is unnecessary" for joinder to be proper. *Mosely*, 497 F.2d at 1333. In each case, ISG alleges a former employee breached his noncompetition agreement and attributes those injuries, in part, to Secure Data's deliberate and tortious interference with those employees' contracts and ISG's customer relationships. Such claims for relief arise from what appear to be, in this Court's view, a logically connected series of occurrences, making Roche's joinder appropriate.

Taken together, ISG's proposed claims against both Roche and Secure Data appear to be reasonably related to the existing claims in this lawsuit. Furthermore, the Court finds—and the parties do not dispute—that questions of law and fact common to all defendants will arise in this action. *See* Fed. R. Civ. P. 20(a)(2)(B). Moreover, each defendant will still receive a judgment

5

according to the respective merits of his or its case. Given the Eighth Circuit's broad and liberal definition of "transaction" under Rule 20, combined with the preference to "strongly encourage joinder" and to entertain "the broadest possible scope of action consistent with fairness to the parties," the Court grants ISG's motion to join Roche pursuant to Rule 20(a)(2). *Miller*, 2006 WL 1313367, at *4 (quoting *Mosley*, 497 F.2d at 1333).

### B. Motion to Amend Under Rule 15(a)

The Court additionally finds that ISG's motion to amend should be granted. This case is in the early stages of litigation and ISG's motion to amend is timely pursuant to the Scheduling Order deadlines in place. Additionally, ISG sought leave to amend promptly after it learned that Roche may be in violation of his noncompetition employment agreement. Given the similarity of ISG's proposed claims against Roche and Secure Data to the current action and the likely substantial overlap in terms of common facts, witnesses, and written discovery, the Court finds Defendants will not suffer undue prejudice.

Defendants also argue leave to amend should be denied on futility grounds because the Western District of Missouri is an improper venue for ISG's proposed claims against Roche and Secure Data. Generally, a movant's proposed amendments are considered futile if the claims are "duplicative," "frivolous," or "otherwise meritless." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (citations omitted); *see also Munro v. Lucy Activewear, Inc.,* 899 F.3d 585, 589 (8th Cir. 2018) ("When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). Defendants do not argue that ISG's proposed claims are duplicative, frivolous, or fail to state a claim upon which relief may be granted, and the Court believes Defendants' concerns about venue are better suited for

6

resolution via a motion to transfer or a Rule 12(b)(3) motion for improper venue. Given that leave to amend should be freely granted and Defendants do not show they will suffer undue prejudice or that ISG's proposed claims are without merit, ISG is granted leave to amend its complaint.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that ISG's Motion for Leave to Amend the Verified Complaint Adding Jesse Roche as an Additional Named Defendant (Doc. #75) is GRANTED. Therefore, the Verified First Amended Complaint (Doc. #83) is deemed to be properly filed and is now the operative complaint.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2021